# MANUEL de QUADROS v. W. F. FREAR, YOUNG UN CHOY and JOSEPH GOO KIM.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED NOVEMBER 17, 1902.     DECIDED JANUARY 21, 1903.

GALBRAITH AND PERRY, JJ., AND W. AUSTIN WHITING, ESQ., OF THE BAR, IN PLACE OF FREAR, C.J., DISQUALIFIED.

K. conveyed to A. a lot of land which was described in the deed by metes and bounds. According to that description the westerly side of the lot ran "along Lot 3 *and proposed road*" and the rear side "along

Lot 5". Subsequently K. conveyed to B. other land adjoining the lot first mentioned. In an action at law by A. against B. for damages for alleged obstruction by the latter of a road called in the declaration "Rear Road" and therein described as "appurtenant to said lot" and as "running from the rear of said lot" to a point named, the plaintiff claimed at the trial that the words "and proposed road" had been inserted by mistake in the description of the westerly side of the lot and that it should have been inserted in the description of the rear side, and, in support of the allegation of the existence of said rear road and of his right to use the same, offered parol evidence tending to show that when he purchased the lot he did so "according to" a map or plat of a larger piece of land of which his lot was a part, which map or plat showed the proposed road as running from the rear and not from the westerly side. The map or plat was not attached to or in any way referred to in the deed. *Held*, that the parol evidence offered was inadmissible, under the circumstances, its effect being to vary or contradict the terms of the deed.

#### OPINION OF THE COURT BY PERRY, J.

This is an action wherein the plaintiff claims $1,000 damages for the loss of the use of a certain road. The allegations of the declaration are, in brief, that the plaintiff was on the 29th day of September, 1890, ever since has been and still is the owner and in possession of a certain lot in Honolulu; that said lot "abutted on a certain road (herein called 'rear road') 18 feet wide and running from the rear of said lot to Kamakela Road;" that ever since the date named "said rear road has been appurtenant to said lot," and plaintiff "has had and still has the right to use the same as a road for passage on foot and with vehicles from said lot to Kamakela Road" and "has been accustomed to use the same as such until the commission of the acts hereinafter complained of," that on or about August 1, 1900; defendants obstructed said road by erecting a building across the same and have ever since so obstructed it; and "that said obstruction is a damage to plaintiff only."

At the trial, at the close of the plaintiff's case, the jury, in obedience to a direct instruction by the presiding judge, rendered a verdict for the defendant. The case comes to this court on seven exceptions, the sixth being to the instruction ordering the verdict and the seventh to the verdict. The remaining ex-

ceptions were to rulings excluding certain evidence. It is clear, and conceded, that the sixth and seventh exceptions cannot be sustained unless error is found in the rulings the correctness of which is questioned upon the other exceptions.

After the plaintiff had introduced in evidence a deed to himself, dated September 29, 1890, and executed by one Kaeo, of a certain lot of land situate on King Street, in this city, and being a part of the land described in R. P. 3229 to J. Moanauli, the witness Kaeo was asked, "Did you show Mr. Quadros any map of the lots?" and later, "The deed which you gave Mr. Quadros mentions a proposed road; what was that road?" The defendant Frear was called as a witness by the plaintiff and at the latter's request produced a deed to himself from Kaeo, dated February 2, 1891, of certain lots also described as being parts of Grant 3229 to J. Moanauli. The deed was put in evidence. The witness was then asked: "I believe your deed does not refer to any map; did you buy your lots according to a map?" Another witness for the plaintiff, an attorney, after testifying, in effect, that he had drawn the deed to plaintiff, was asked, "This deed says here in the second course that the course runs N. 85° 40′ E., true, 90 feet along lot 3 and proposed road; do you know what these words 'proposed road' refer to?" and also, "Do you know whether or not any map was exhibited to Manuel Quadros before he bought his lot?" Objections to these five questions were sustained and the evidence excluded. In this the plaintiff claims that there was error.

The land conveyed by Kaeo to plaintiff, and to which the road in question is alleged to have been appurtenant, is described in the deed as follows:

"All that piece or parcel of land situate on King Street in Honolulu, described as follows:

N.   1 50 E. 'True' 35.5 feet along King Street;
N. 85 40 E.   "   92   "   "   Lot 3 and proposed road;
S.   8 35 E.   "   35.5   "   "   Lot 5;
S. 85 40 W.   "   98.5   "   "   Lot 1, to the point of beginning.   Area 3340 square feet, being a portion of premises

described in Royal Patent No. 3229 to J. Moanauli and convey-
ed to me by foreclosure deed of Bishop and Company this day
and confirmed by deed of Mrs. Rosina K. Manaku to me this
day recorded in Liber 125, page 387, and being a portion of the
premises set apart to me by partition deed made by the heirs of
J. Moanauli dated October 20th, 1887, recorded in Liber 103,
page 441 et seq."

It is clear from the record that the case was presented by the
plaintiff at the trial on the theory that the so-called "road" was
a private right of way appurtenant to plaintiff's lot and that he,
the plaintiff, acquired such right of way because he purchased
the land described in his deed "according to" a map or plat of
the Moanauli tract made by the grantor prior to the sale, which
map or plat showed a road as leading from the rear of plaintiff's
land to Kamakela Road.

For the purposes of this case it may be assumed to be true, as
contended for by the plaintiff, that, if one conveys lots by a map
or plat, which represents the lots as bounded upon such road or
way, and the map or plat is referred to in the deed, a right of
way over it passes as part of the grant of each lot as an easement
appurtenant thereto. See Jones on Easements, §231. It has
been so held, that conclusion being reached by some courts on
the theory of an implied grant or covenant, and by others on
that of estoppel or dedication. However that may be, one diffi-
culty with the plaintiff's case is that his deed does not refer to
any map or plat, nor is any map or plat attached to the deed
whether with or without reference thereto. Perhaps, if a map
were merely attached to the deed, without being referred to, the
court might be authorized to regard it as a part of the descrip-
tion of the land conveyed and to make use of it in construing
other parts of the description. But that aid is wanting here.
Further than that, even assuming,—what is at least doubtful—
that, if the deed were entirely silent as to any proposed road or
as to its location, evidence could be adduced to show oral repre-
sentations by the grantor as to the opening of a road or as to its
proposed location in the rear of the lot, or, under this deed, that
such evidence would be admissible to show such representations

as to a road on the westerly side, the deed to plaintiff expressly shows that the "proposed road" runs from the westerly side of the land and not from its rear and that on the rear it is bounded by Lot 5. To admit parol evidence tending to show that it was the intention and understanding of the parties that the proposed road should run from the rear and not from the side, which is what plaintiff sought to prove at the trial, (the allegation in the declaration, too, was that the road ran "from the rear of said lot") would be to admit parol evidence to vary and contradict the terms of the deed. For this purpose such evidence is not admissible. The deed is the final expression of the intent of the parties and cannot in this proceeding be varied by any parol evidence of representation made or any understanding had prior to its execution. Plaintiff's counsel stated at the trial that he wished to show that there was a mistake in the description. If the description in the deed, by reason of a mutual mistake, does not express the agreement of the parties, proceedings to reform the deed should have been first had in equity.

In argument in this court, counsel for the plaintiff seems to rely, in part at least, upon the theory that the road in question was a public road made such by dedication by parol. We think that this claim cannot now be set up. In addition to the fact that the evidence rejected was not offered for this purpose, the plaintiff's claim, as stated in his declaration, is, as we understand it, for the obstruction of a private right of way and not of a public road. The road referred to is declared to run from plaintiff's lot and to be appurtenant thereto, and the obstruction is declared to be a damage "to plaintiff only." An obstruction of a public road would be a damage to others also of the public, although the damage to the public generally would, perhaps, be different from that suffered by the plaintiff. The language used in the declaration is inconsistent with the theory of the obstruction of a public road.

In our opinion the evidence in question was properly excluded. The exceptions are overruled.

*Russell, Fleming & Robinson* for plaintiff.
*Robertson & Wilder* for defendant.